Counsel, we can see both of you okay. Can you both hear the court? Yes, your honors. Yes, your honors. Okay, and Ms. Brands, if that's correct, you can go ahead when you're ready. Thank you. Good morning, your honors. My name is Larissa Brandes, and I represent the appellate. If you may please the court, I'd like to reserve three minutes for rebuttal. Great. Thank you. Please watch your clock. The issues in this case are straightforward. Judgment should be reversed because the district court abused its discretion and committed clear error by granting a motion to dismiss based on three findings. First, it found that appellate did not provide any authority in which a court found that a governmental utility fee... As far as I understand a large part of your brief, you think it was not only wrong, but it was a violation of due process for the court to rely on the United States versus Massachusetts case because neither you nor your adversary had cited that case in your briefs below. Do I have that right? That's your argument? It's correct. Not only did the court go and do independent research and find the Massachusetts case, it then went further and actually compared the facts of that case with the facts of the Gibson case. Yeah, so let's take a look at that. A lot of the argument below was about the case of United States versus Sperry Corporation, right? Yes. And in that case, the Supreme Court of the United States early in the opinion says, quote, this court has never held that the amount of a user fee must be precisely calibrated to the use that a party makes of government services, nor does the government need to record invoices and billable hours to justify the cost of its services. All that we have required is that the user fee be a fair approximation of the cost of benefits supplied. Massachusetts versus United States, 435 U.S. 444, 1978, close quote. So the Sperry case, which you and your adversary spent so much time debating and which you presumably read, relies directly on the case cited by the lower court here for the proposition that the lower court relied on it for. What's wrong with that? What's wrong with that, Your Honor, is that the court didn't just use Sperry for citing to Massachusetts, it then went into the Massachusetts case and actually compared the facts to find that the appellate didn't convincingly argue that the facts of Massachusetts were more onerous or that the facts of the instant case were more onerous than those in Massachusetts. The appellate should have had an opportunity to at least address that or even for the court to grant need to amend so that the amended complaint could be more onerous. And so it was denied due process by not having an opportunity to be able to at least address that or to amend the complaint to address and allege additional facts. It wasn't. Go ahead, Judge. I'm sorry. No, go ahead, Judge Rieker. You, all the citations you cite on this part of your brief are about a court doing independent factual analysis. This is a court citing a case that was central to the Sperry case. You relied on below or that your adversary had you talked about below and how could that be wrong? Wasn't that what courts do all the time and should do all the time? Not by conducting independent research, factual research, which I think is the difference here in not giving the appellate the opportunity to respond to it. Taking place cases are very fact intensive and turn on the specific factual inquiry in that particular case. What is the factual research that you are alleging that the district court did? The fact that in its judgment, in its order dismissing the case, the court said that the appellant had not convincingly argued that the fees it faced are more onerous than those in Sperry and Massachusetts. That's a legal argument. That's not the court going out and doing its own fact finding, is it? I would argue that that is a fact finding. How can you, on a motion to dismiss, how can it be determined whether the fees are more onerous than the other fees without being able to get through discovery and actually hearing the case on the merits? We're talking about a motion dismissed at the pleading stage, and the fact is the complaint sufficiently pled that the fees were unreasonable to the service being provided. So, let me ask you this. So, our review is de novo, right? Yes. So, tell us now why Massachusetts versus United States, I'm sorry about that, but why Massachusetts versus United States? Well, I guess... What's wrong? You're complaining that you did not get a chance to argue, and to explain to the district court why the district court shouldn't have relied on, or you had an argument that you wanted to make that would show that your case is different than Massachusetts. So, now's your chance. Our review is de novo. Tell us. Well, Massachusetts didn't even involve a challenge to a user fee under the tapings clause. The Supreme Court there was evaluating a flat fee registration tax in the context of state immunity from federal taxation. The Supreme Court held that there was no constitutional immunity from a non-discriminatory federal tax revenue measure, which operated only to ensure that each member of the class of special beneficiaries of the federal program pays a reasonable approximation of its fair share of the cost to the program of the federal government. So, I think here, the district court didn't even do a three-part analysis under Massachusetts, and we have alleged that the fee was discriminatory. It's being applied to a mobile home park when it's a fee for an RV trailer park, which is substantially different than a mobile home park. It assumes a 200-gallon daily indoor usage for residential customers, which, again, is significantly different than a mobile home park, which is a very small space. But in Sperry, the court held that these fees just need to be fair approximations. They don't have to be precisely calibrated. So, how do you get around that holding? Why isn't this fair approximation? I think that, again, is something that could not be decided on a motion to dismiss. Whether it's a fair approximation, the party should have been able to engage in discovery to be able to discover that. And there's plenty of cases that hold that federal takings cases should not be decided on a motion to dismiss. They're just too fact-intensive. And so, this case should not have been decided, or not even decided, dismissed at the pleading level when facts have been sufficiently alleged showing that there is no correlation between, and not even a reasonable approximation between the fees, service, particularly with expensive green belts. Well, isn't the burden on you, as the plaintiff, too, is put forth in your complaint, the facts that you say that make this an unreasonable charge, et cetera? And we did, and I think in that regard. If we agree, hypothetically, with the district court that you didn't allege enough to satisfy Sperry, what additional facts would you allege in an amended complaint? We could allege more facts as to the return to sewer factor, that the 55% is not an appropriate return to sewer factor for a mobile home park. That would be maybe more appropriate for an RV park, which is more transient, and most of the water is going to be used probably for toilets and shower, which is going to go back to the sewer. But a mobile home user is going to use more water for cooking and for a little bit of landscaping that it does do in different uses. So that does not correlate to sewer usage. So we could allege additional facts, and I think that's the other issue is that we should have been granted leave to amend. We didn't even get one opportunity to amend, and so we should have had leave to amend to be able to allege these additional facts. The district court stated that you hadn't provided any authority where any court had ever found that a fee was unconstitutional taking a utility fee. Have you found any cases since then where a court has held such a fee? No, not directly on point, but I think the cases that we have cited in the briefs show that a user fee can be a constitutional taking if it is not, if there is no reasonable relationship between that fee and the service. And that's cited in Sperry, Garneau Beach, City of Seattle, San Remo Hotel, even the Massachusetts case, which I think was improper and irrelevant. But it also states that a user fee cannot be discriminatory and must be a fair approximation of the cost of the benefit received. So I think all that authority together evidences that a utility fee can be an unconstitutional taking. Okay. Would you like to reserve the remainder of your time for a rebuttal? You have about four minutes. Yes, I will. Thank you. Okay. Thank you. Okay. Mr. Gilpin, I say you can go ahead. Thank you. Thank you, Your Honors. My name is Jim Gilpin. I'm representing the Appalachee Coachella Valley and Water District. The District Court properly dismissed this case, I-12B-6, inciting the cases that were in the briefs that Your Honors have noted. Massachusetts, relying on Sperry and the Coots case. The appellants are trying to fit a square peg into a round hole. This is not an exaction case where the property owner is being asked for a fee for development, for a development permit. It is not a case where conditions are being imposed on a development to require a payment of fees. It is a sewer rate case. They're challenging an ordinance which is imposing sewer rates for the provision of sewer services. As the District Court noted, appellants cited no authority at all legally that this type of case has been found to be amenable to a constitutional taking challenge under the Fifth Amendment. It's not a Nolan-Dolan-Nextas case. It's none of that. It fits into none of the precedent regarding federal takings. Federal taking is the only claim that was in front of the court. It declined to exercise supplemental jurisdiction regarding the state court claims. And as a result, the District Court's decision should be affirmed. Did I ask you a question? Sure. Under the rate that the Water District adopted, do all the entities subject to the rate pay the same amount every month? All the entities in the various categories pay the rate specified. It's not... Varies? Does it vary per use? Between like single-family residences, multi-family, and other type uses, it does vary. Does the Water District make any distinction at all between the rates and the way the rates are built? Well, the rates are based on the return flows, so not... It's a calculation. Anticipated return flows based on use, obviously, because one is end-or-use. I hope that answered your question. Yeah. One other question. Did plaintiff ask for leave to amend? It did not, and it frankly didn't comply with the local rules. There's a local rule 15-1, which requires them to submit proposed amendments if they're seeking leave to amend. We also cited a case from the court, Cervantes, which is 656 Fed 3rd 1034, which affirmed the dismissal without leave to amend where the plaintiff failed to comply with the local rule. Okay. Thank you. There are no further questions. Thank you, Mr. Gilpin. I don't think we have any questions. Thank you. Ms. Cervantes, you have just over four minutes. Thank you. Just a couple of quick points. First, we did request leave to amend. I can find that the court would like me to, but we did request leave to amend, and that local rule is you would do an amended plea stipulation or a motion to amend. That rule is not applicable to a Rule 12b-6 motion to dismiss, or it would be ridiculous to file an amended complaint to your opposition when the court may very well deny that 12b-6 motion, and as long as the local rule says. As to the Coons case- Sometimes it's prudent to say at the end of your opposition that in the case the court grants the 12b-6, we'd like leave to amend, and we want to add further allegations regarding X, Y, and Z. And we did, Your Honor. It is in our- I can find it if you would like, but we did ask for leave to amend in our opposition. We just didn't attach an amended complaint because there's no requirement that we do so. Okay. As to the Coons case, the Coons still said that there must be a reasonableness of the fee in Coons. The Supreme Court found that the monetary exactions are subject to scrutiny under Nolan and Dolan, and that monetary extractions may constitute a taking if the government fees are not roughly proportional to the impacts of the development project. And Coons cited to Sperry and Brown, which both found that a user fee must be reasonable, and there must be some correlation to the fee and the service provided. Here, there's simply no correlation. But again, we should have at least been granted leave to amend so that we could allege those additional facts showing that the return to sewer factor percentage and the assumed water usage is not appropriate, is discriminatory in a mobile home park, and that there's just simply no relevance to it and the fees being charged. With that, unless there's further questions, I have nothing else. Okay. Thank you very much. I thank both counsel for their argument. This case is submitted.  Thank you.
judges: PAEZ, THOMAS, Rakoff